1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DANIEL MICHAEL KANE,                     No. 2:17-cv-2365-MCE-KJN PS

12                  Plaintiff,

13        v.                                   <u>FINDINGS AND RECOMMENDATIONS</u>

14   STATE OF CALIFORNIA, et al.,

15

16                  Defendants.

17

18        Plaintiff Daniel Kane, proceeding without counsel, commenced this action and requested

19   leave to proceed *in forma pauperis*.  (ECF Nos. 1, 2.)

20        A federal court has an independent duty to assess whether federal subject matter

21   jurisdiction exists, whether or not the parties raise the issue.  See <u>United Investors Life Ins. Co. v.</u>

22   <u>Waddell & Reed Inc.</u>, 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty

23   to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties

24   raised the issue or not"); <u>accord</u> <u>Rains v. Criterion Sys., Inc.</u>, 80 F.3d 339, 342 (9th Cir. 1996).

25   The court must *sua sponte* dismiss the case if, at any time, it determines that it lacks subject

26   matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).

27        "Under the substantiality doctrine, the district court lacks subject matter jurisdiction when

28   the question presented is too insubstantial to consider."  <u>Cook v. Peter Kiewit Sons Co.</u>, 775 F.2d

1

1030, 1035 (9th Cir. 1985) (citing <u>Hagans v. Lavine</u>, 415 U.S. 528, 536-39 (1974)). "The claim must be 'so insubstantial, implausible, foreclosed by prior decisions of this Court or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court, whatever may be the ultimate resolution of the federal issues on the merits.'" <u>Id.</u> (quoting <u>Oneida Indian Nation v. County of Oneida</u>, 414 U.S. 661, 666 (1974)); <u>see also</u> <u>Apple v. Glenn</u>, 183 F.3d 477, 479 (6th Cir. 1999) ("a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion.").

Plaintiff's complaint in this case names "The State of California and the People of the State"; the County of Sacramento; and the City of Sacramento. He demands $50 billion in restitution, which somehow corresponds to the cost of high-speed rail in California, noting that his life was "directed for a congressional seat." The complaint further includes allegations of continuous horrendous treatment, harassment, debt collection, slander, and defamation in violation of United Nations resolutions and unspecified contracts, federal statutes, and welfare rights. The complaint also attaches various apparently unrelated documents, including communications plaintiff had with California State Parks, Ally Bank, the Northern California Regional Intelligence Center, the County of Sacramento General Assistance Program, traffic court, the Sacramento County District Attorney's Office, the White House, the Prince of Wales, the Government of Japan, Consular Affairs for the Netherlands, the FBI, Interpol, George W. Bush, Kamala Harris, and Tom McClintock. (<u>See generally</u> ECF No. 1.)

The court finds that the allegations of plaintiff's complaint, as outlined above, are implausible, frivolous, devoid of merit, and unsubstantial. Therefore, the court concludes that this action should be dismissed for lack of subject matter jurisdiction pursuant to the substantiality doctrine.[1]

---

[1] The court emphasizes that the foregoing observations are not intended to insult or disparage plaintiff. The court has no doubt that plaintiff truly believes that he was wronged, but plaintiff's allegations do not plausibly invoke this court's subject matter jurisdiction.

Although the court, consistent with the Federal Rules of Civil Procedure and applicable case law, ordinarily liberally grants leave to amend, especially to *pro se* litigants, the nature of plaintiff's complaint here strongly suggests that granting leave to amend would be futile. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996). Moreover, the court notes that plaintiff previously filed an action against the State of California, the County of Sacramento, and the City of Sacramento, which was dismissed with prejudice on January 8, 2018, in part because the complaint was replete with vague and conclusory allegations of horrendous treatment by various actors which the court found to be frivolous. (See Kane v. State of California, et al., 2:17-cv-1051-TLN-KJN, ECF Nos. 5 & 6.)

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The action be dismissed for lack of subject matter jurisdiction pursuant to the substantiality doctrine.

2. Plaintiff's motion to proceed *in forma pauperis* in this court be denied without prejudice as moot.

3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO RECOMMENDED.

Dated: January 30, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3